**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
|
ZACHARY TESTA                                             :
                                                          :        CIVIL ACTION NO. 14-0117
                              Plaintiff                   :
      vs.                                                 :
                                                          :
SENN FREIGHT LINES, INC. and                              :
JAMES RISHER                                              :
                                                          :
                              Defendants                  :
_____:

**Henry S. Perkin, M.J.**                                 **February 8, 2016**

## MEMORANDUM

      This matter is before the Court on Defendants, Senn Freight Lines, Inc. and James Risher's Motion for Partial Summary Judgment filed July 8, 2015.  Plaintiff's answer and brief in opposition were filed August 7, 2015, and defendants filed a reply brief on August 11, 2015. Having reviewed and considered the contentions of the parties, the Court is prepared to rule on this matter.

## Procedural History

      This case arises from a motor vehicle accident involving a sport utility vehicle ("SUV") driven by plaintiff Zachary Testa ("Testa"), and a tractor-trailer, driven by defendant James Risher ("Risher"), and owned by defendant Senn Freight Lines, Inc. ("Senn Freight").  The motor vehicle accident in question occurred on April 9, 2013, at State Route 309 and East Hopewell Road in Upper Saucon Township, Lehigh County, Pennsylvania.

      On or about December 3, 2013, Testa commenced this action against defendants Senn Freight and Risher by filing a Complaint in the Lehigh County Court of Common Pleas.

On or about January 8, 2014, defendants removed the action to the United States District Court for the Eastern District of Pennsylvania.

According to his Complaint, Testa contends he sustained injuries and damages as a result of the motor vehicle accident, and that his injuries and damages were caused by defendant Risher's negligent operation of a tractor-trailer.  See Docket No. 1-1.  More specifically, Testa alleges that while he was stopped at a red traffic signal, defendant Risher failed to observe the red light and crashed into the rear of his SUV, causing him to crash into another vehicle.  See Docket No. 1-1 at Paragraphs 7-9.  In his Complaint, Testa alleges that defendant Senn Freight is also liable for his injuries and damages under the theory of vicarious liability because it is responsible for the negligence of its agent, workman, servant, and employee Risher.  See Docket No. 1-1 at Paragraphs 3-5, 18-19.  Testa further alleges that defendant Senn Freight is liable for his injuries and damages because it negligently maintained its tractor-trailer, and was negligent in, inter alia, hiring, supervising, instructing, and entrusting defendant Risher with a tractor-trailer.  See Docket No. 1-1 at Paragraphs 3-5, 18-19.

On January 17, 2014, Defendants, Senn Freight Lines, Inc. and James Risher's Answer to Plaintiff's Complaint with Affirmative Defenses was filed in this matter.  See Docket No. 4.  In their Answer to the Complaint, defendants admitted that at the time of the subject accident, defendant Risher was an employee of defendant Senn Freight, who was acting within the course and scope of his employment, and in furtherance of defendant Senn Freight's business interest.  See Docket No. 4 at Paragraph 5.  Although Testa initially asserted claims for recklessness in his Complaint, the claims for recklessness and punitive damages against

2

defendants were subsequently stricken by agreement on March 17, 2014, when the parties filed

their Stipulation to Dismiss Recklessness Language from Plaintiff's Complaint.  See Docket No.

10.

### Standard of Review

Summary judgment is appropriate where the record and evidence, taken in the

light most favorable to the non-moving party, show "that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The essential inquiry is "whether the evidence presents a sufficient disagreement to require

submission to the jury or whether it is so one-sided that one party must prevail as a matter of

law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252 (1986).  The moving party has the

initial burden of informing the court of the basis for the motion and identifying those portions of

the record that demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986).  An issue is genuine only if there is a sufficient evidentiary

basis on which a reasonable jury could find for the non-moving party.  Anderson, 477 U.S. at

249.  A factual dispute is material only if it might affect the outcome of the suit under governing

law.  Id. at 248.

To defeat summary judgment, the non-moving party cannot rest on the pleadings,

but rather that party must cite "to particular parts of materials in the record" showing that there is

a genuine dispute for trial.  Fed. R. Civ. P. 56(c).  Similarly, the non-moving party cannot rely on

unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a

summary judgment motion.  Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir.

1989) (citing Celotex, 477 U.S. at 325).  The non-moving party has the burden of producing

evidence to establish *prima facie* each element of its claim.  Celotex, 477 U.S. at 322-323.  If the court, in viewing all reasonable inferences in favor of the non-moving party, determines that there is no genuine dispute as to any material fact, then summary judgment is proper.  Id. at 322; Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 83 (3d Cir. 1987).  When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' - that is, pointing out to the District Court - that there is an absence of evidence to support the non-moving party's case."  Jones v. Indiana Area Sch. Dist., 397 F. Supp.2d 628, 642 (W.D. Pa. 2005) (quoting Celotex, 477 U.S. at 325).

### Discussion

In their motion for partial summary judgment, defendants aver that because there is no longer a claim for punitive damages, and because defendant Senn Freight has admitted that defendant Risher was acting within the course and scope of his employment at the time of the subject accident, plaintiff's claims for corporate negligence (i.e. negligent hiring, entrustment, training, and supervision) contained in Count II of Testa's Complaint are redundant and irrelevant, and should be dismissed in accordance with comparable federal cases.  For the reasons that follow, we agree with defendants, and will dismiss Testa's claims for corporate negligence that are contained in Count II of his Complaint.

As noted by the Honorable A. Richard Caputo, a United States District Judge for the Middle District of Pennsylvania, "a plaintiff cannot pursue a claim against an employer for negligent entrustment, hiring, supervision, or training when the employer admits that its employee was acting within the scope of employment when the accident occurred."  Sterner v. Titus Transp., LP, No. 3:CV-10-2027, 2013 WL 6506591, at *3 (M.D. Pa. Dec. 12, 2013)

4

(citations omitted).  See also Achey v. Crete Carrier Corp., No. 07-CV-3592, 2009 WL 9083282, at *8 (E.D. Pa. Mar. 30, 2009) (citing Holben v. Midwest Emery Freight System, Inc., 525 F.Supp. 1224, 1224-1225 (W.D. Pa. 1981)) (holding that claims for negligent supervision and negligent hiring must be dismissed where employer concedes agency relationship and no punitive damages claim exists).  "The rationale is that the employer's liability is a derivative claim fixed by a determination of the employee's negligence.  Therefore, courts following the majority rule [stated above] have determined that evidence of negligent hiring, training, supervision or retention becomes unnecessary, irrelevant, and prejudicial if the employer has already admitted vicarious liability under *respondeat superior*."  Sterner, 2013 WL 6506591, at *3 (quoting Zibolis-Sekella v. Ruehrwein, No. 12-cv-228, 2013 WL 3208573, at *2 (D.N.H. June 24, 2013)).

Judge Caputo recognized that although the Supreme Court of Pennsylvania had not yet addressed this issue, "[f]ederal district courts in Pennsylvania . . . have applied the majority rule and refused to allow claims for negligent entrustment, supervision, monitoring, and hiring to proceed when (1) the supervisor/employer defendant admits that its employee was acting in the scope of his or her employment at the time of the accident, *and* (2) the plaintiff does not have a viable claim for punitive damages against the supervisor/employer defendant." Sterner, 2013 WL 6506591, at *4 (collecting cases).

We note further that within our own district, the late Honorable Thomas M. Golden, in the case of Achey, applied the majority rule by finding as follows:

> [O]nce an employer admits vicarious liability on the basis of its employee's actions under *respondeat superior*, any additional claim of negligent hiring must be dismissed by the Court because the evidence in support of such a claim would create confusion for the jury, risk multiple recovery, and be unfairly prejudicial. See,

e.g., Fairshter v. Am. Nat'l Red Cross, 322 F. Supp. 2d 646, 653-54 (E.D. Va. 2006) (discussing theory for precluding negligent entrustment claim where separate vicarious liability claim is also asserted); Fortunato v. May, No. 04-1140, 2009 WL 703393, at *5 (W.D. Pa. Mar. 16, 2009). . . .

'As a general rule, courts have dismissed claims for negligent supervision and negligent hiring when a supervisor defendant conceded an agency relationship with the co-defendant.' See Fortunato, 2009 WL 703393, at *5; see also Holben v. Midwest Emery Freight Sys., Inc., 525 F. Supp. 1224, 1224-1225 (W.D. Pa. 1981) ("Were it not for the punitive damages claim we would strike the 'negligent entrustment' cause of action."). However, an exception to this rule exists 'when a plaintiff has made punitive damages claims against the supervisor defendant.' Fortunato, 2009 WL 703393, at *5. 'In such a case, the plaintiff can not receive complete relief based upon the primary defendant's negligence, and must also assert a separate negligence claim against the supervisor.' Id. Here, because Defendants have admitted the existence of an agency relationship and Plaintiff's negligent entrustment punitive damages claims fail, the Court will dismiss [the claims for negligent/reckless entrustment].

Achey v. Crete Carrier Corp., No. 07-CV-3592, 2009 WL 9083282, at *7-8 (E.D. Pa. Mar. 30, 2009).  See also Felkner v. Werner Enterprises, Inc., No. CIV.A. 13-2189, 2014 WL 1013474, at *7 (E.D. Pa. Mar. 14, 2014) (Sitarski, M.J.) (negligent supervision claim dismissed in its entirety when defendant admitted that an agency relationship existed and there was insufficient evidence to support a finding of punitive damages).

We believe the rationale of the foregoing cases is sound and, therefore, see no reason to divert from them.  Because Senn Freight has admitted that Risher was its employee acting within the scope of his employment at the time of the motor vehicle accident in question (See Docket No. 4 at Paragraph 5), and because Testa does not have a viable punitive damage

claim against defendants (See Docket No. 10), any claims for negligent hiring, entrustment, training, and/or supervision claims against Senn Freight will be dismissed.

        In an effort to overcome summary judgment, Testa avers that a genuine issue of material fact exists regarding his claims of negligent hiring, entrustment, supervision, and training.  More specifically, Testa contends that there are certain incidents from Risher's driving history that would serve as disqualifications.  See Plaintiff's Brief in Opposition to the Motion for Partial Summary Judgment of Defendants, Senn Freight lines, Inc. and James Risher ("Pl. Br.") at 8-11. Testa further alleges spoliation of evidence occurred in this matter because Senn Freight allegedly did not maintain six months worth of driver logs pursuant to 49 CFR 395.8(k)(1).  See Pl. Br. at 11-17.  We find, however, that these assertions do not preclude summary judgment being granted in favor of Senn Freight with respect to the foregoing claims. Quite simply, Testa's claims for negligent hiring, entrustment, training, and supervision are not permitted because Senn Freight conceded an agency relationship in this matter.  As far as Testa's assertion that he should be entitled to a jury instruction concerning spoliation of evidence, we will not make that determination at this time, as we find that it does not bear on the issue before us.

        As noted by the foregoing cases, which we find persuasive, claims for negligent hiring, entrustment, training and supervision, are simply not permitted when an employer admits that its employee was acting in the scope of his employment at the time of the accident, and the plaintiff does not have a viable claim for punitive damages against the employer.  Sterner, 2013 WL 6506591, at *4 (collecting cases).  Accordingly, Testa is precluded from alleging that a genuine issue of material fact exists regarding his corporate negligence claims, as such claims

must be dismissed because Senn Freight conceded an agency relationship at the time of the accident, and no claim for punitive damages exists.  See Achey, *supra*; Sterner, *supra*; Holben, *supra*; Felkner, *supra*.

Finally, we note that Testa avers that the federal court cases cited above were wrongfully decided, and that they impermissibly create immunity to any employer for its own negligence in cases of vicarious liability.  See Pl. Br. at 19-20.  With respect to this argument, however, Testa relies on cases which concern charitable and sovereign immunity, and are not applicable to this matter.  Senn Freight is not a charitable or governmental organization. Moreover, the Pennsylvania federal cases cited *supra* do not immunize employers.  Instead, as correctly noted by defendants, those cases merely support the proposition that, where an employer admits agency, it will be liable under the theory of *respondeat superior*, and corporate negligence claims would not provide any liability in addition to vicarious liability for its employees' negligence.  See Defendants, Senn Freight Lines, Inc. and James Risher's Reply Brief to Plaintiff's Answer and Brief in Opposition to the Motion for Partial Summary Judgment ("Def. Reply Br.") at 5-6 (case citations omitted).  "The  above-referenced cases do not provide immunity to employers but instead demonstrate that plaintiff s claims for corporate negligence are immaterial, irrelevant, and redundant because Senn Freight will be liable under the doctrine of respondeat superior for any negligence of Risher, as Senn Freight admitted agency at the time of the accident. Therefore, to the extent a viable negligence claim could be asserted against Risher, Senn Freight would stand to be vicariously  liable for such negligence."  See Def. Br. at 6.

## **Conclusion**

Defendants, Senn Freight Lines, Inc. and James Risher's Motion for Partial Summary Judgment will be granted.  Plaintiff's claims for negligent hiring, entrustment, training, and supervision against Defendant Senn Freight Lines, Inc. are dismissed.

An Order follows.